UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| SANDOR CEBALLOS,<br><br>               Plaintiff,<br>   v.<br><br>CONTRA COSTA COUNTY, and DOES 1-25, inclusive<br><br>               Defendants.<br>_____/ | No. C 13-04584 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO ADD PARTIES**<br><br>[ECF No. 24.] |

## INTRODUCTION

In this § 1983 action, Plaintiff Sandor Ceballos alleges that he was arrested for public intoxication and taken to the Contra Cost County Jail in Martinez, California, where he was beaten by three unidentified officers employed by Contra Costa County. *See* Complaint, ECF No. 1, ¶¶ 4-21.[1] The Complaint alleges claims for excessive force in violation of the Fourth and Fourteenth Amendments and retaliation in violation of the First Amendment against the Doe Defendants, negligent hiring, training, and retention and a *Monell* claim against Contra Costa County, and assault and battery against all Defendants. *See id.* ¶¶ 26-48. Mr. Ceballos states that he now has identified the officers and he seeks leave to amend the complaint to name them as Defendants. *See* Motion for Leave to Amend Complaint (Corrected), ECF No. 25 ("Motion"). Defendant Contra Costa County

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 13-04584 LB
ORDER

opposes Mr. Ceballos's motion. *See* Opp'n, ECF No. 26. The court GRANTS Mr. Ceballos's motion to amend.[2]

**STATEMENT**

Mr. Ceballos alleges that he was assaulted by several Contra Costa County Sheriff's deputies while he was detained in the Contra Costa County jail facility in Martinez, California on January 21, 2013. *See* Complaint, ECF No. 1. Mr. Ceballos was released from jail on or about January 22, 2013. *See id.* ¶ 17. The next day, Mr. Ceballos's doctor confirmed that he had two broken ribs. *Id.* ¶ 19. The same day, Mr. Ceballos filed a formal complaint with the Contra Costa County Sheriff's Office's internal affairs department. *Id.* ¶ 20. He then filed an administrative tort claim pursuant to California Government Code section 910, *et seq. Id.* ¶ 3. The Contra Costa County Board of Supervisors rejected Mr. Ceballos's claim on April 9, 2013.

On August 5, 2013, Lieutenant Roxane Gruenheid of the Contra Costa County Sheriff's Office sent Mr. Ceballos a letter stating that his "allegations against Deputies Fajeau, Light, Lopez, and Mangen [*sic*] has been completed. In your complaint you had alleged that the aforementioned personnel used excessive force and displayed unbecoming conduct." Amenta Decl. Ex. A, ECF No. 27-1 at 2. The letter stated that Mr. Ceballos's "[a]llegations of excessive force concluded with **Exonerated** and **Not Sustained** findings." *Id.*

Mr. Ceballos filed suit in this court on October 3, 2013 against "Contra Costa County, and Does 1-25, inclusive." *See* Complaint, ECF No. 1 at 1. Contra Costa County filed its Answer on December 2, 2013. *See* Answer, ECF No. 6. The named parties consented to the undersigned's jurisdiction. *See* Contra Costa County Consent, ECF No. 8; Plaintiff's Consent, ECF No. 9.

On January 9, 2014, the parties filed a joint Case Management Conference Statement. *See* ECF No. 10. It states that "Plaintiff intends to amend the pleadings to add the names of the deputies who were involved in the incidents alleged in the pleadings." *Id.* at 4. The court held an initial case management conference on January 17, 2014, and issued a Pretrial Order that day. *See* Minute

---

[2] Pursuant to Northern District of California Civil Local Rule 7-1, the court finds this matter suitable for disposition without oral argument and VACATES the hearing previously scheduled for June 5, 2014.

C 13-04584 LB
ORDER         2

1  Entry, ECF No. 11; Case Management and Pretrial Order, ECF No. 12 ("CMC Order"). The CMC
2  Order provides a pretrial schedule, and sets March 3, 2014, as the deadline for the parties to seek
3  leave to add new parties or amend the pleadings. *See* CMC Order, ECF No. 12 at 2.

4  On February 14, 2014, Mr. Ceballos's counsel served discovery requests on Contra Costa
5  County. *See* Frucht Decl., ECF No. 25, ¶ 6. Defendants produced the Sheriff's investigation file on
6  March 28, 2014. *Id.* This allowed Mr. Ceballos to identify the sheriff deputies that were in his cell
7  during the alleged assault. *Id.*

8  On April 15, 2014, Mr. Ceballos's counsel wrote to opposing counsel and told her that he
9  intended to ask the court for leave to file an amended complaint naming the individual officers. *Id.*
10 ¶ 7. The parties mentioned this in their April 17, 2014 Joint Case Management Conference
11 Statement. *See* ECF No. 20. The statement also noted that Contra Costa County did not consent to
12 the amendment. *Id.*

13 On April 28, 2014, Mr. Ceballos's counsel sent the County's counsel a redlined amended
14 complaint and asked counsel either to stipulate or not oppose a motion to amend. *Id.* Counsel for
15 Contra Costa County did not agree to that request and Mr. Ceballos filed the pending motion on
16 April 30, 2014. *See* Motion, ECF No. 25; Frucht Decl., ¶ 8.

17 Mr. Ceballos filed the motion for leave to amend along with a copy of his proposed First
18 Amended Complaint, ECF No. 25. Contra Costa County filed its opposition on May 14, 2014, ECF
19 No. 26, and Mr. Ceballos filed a reply, ECF No. 29. The proposed First Amended Complaint names
20 Contra Costa County Sheriff's Deputies Matthew Mangan, Stephen Lopez, Seaton Fajeau,
21 Christopher Light, and Jonathan Danielson as additional Defendants. *See* proposed First Amended
22 Complaint, ECF No. 25, ¶¶ 7-11. Except for identifying the specific officers involved in the
23 incident, the proposed First Amended Complaint is substantially similar to the original complaint.
24 *Compare* Motion Ex. A, ECF No. 25 at 8, *with* Complaint, ECF No. 1.

25 **ANALYSIS**

26 Contra Costa County opposes the motion to amend, arguing that it is untimely and the individual
27 defendants would be prejudiced as a result of the amendment. *See* Opp'n , ECF No. 26.
28 Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice

so requires." Fed. R. Civ. P. 15(a); *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (citation omitted). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the party has previously amended the pleadings. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Where a party seeks leave to amend after the date specified in a scheduling order, Rule 16(b) also applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.*; *see* Fed. R. Civ. P. 16(b)(4). Therefore, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Id.*

In order to determine whether good cause exists to modify the scheduling order, courts focus on the reasonable diligence of the moving party. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see also Johnson*, 975 F.2d at 609 (stating that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16(b); adding that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification"). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

In his motion, Mr. Ceballos states that he did not have sufficient information to identify the deputies involved in this case until Contra Costa County produced its investigation files at the end of March 2014. *See* Motion at 2. This was after the court's March 3, 2014 deadline to seek leave to amend the pleadings. *Id.*; *see* CMC Order, ECF No. 12. The court agrees that Mr. Ceballos acted with reasonable diligence sufficient to satisfy the Rule 16(b) good cause standard.

The County argues that Mr. Ceballos failed to act with reasonable diligence because the August 5, 2013 letter from Lieutenant Gruenheid identified the allegedly responsible deputies. *See* Opp'n at 3. Thus, he "cannot show good cause because he has been aware of the identities of the deputies since before the filed the action." *Id.*

Mr. Ceballos responds that the letter was the only document he had that contained the names of the deputies but the letter did not identify which deputies entered his cell or give any description of their actions. Reply at 2. While he suspected that the deputies named in the letter would be named as defendants, his counsel "determined that it made sense to wait to receive the IA report and ascertain from the report the actual involvement of the deput[i]es before adding them as Doe defendants." *Id.* at 2-3.

Under the circumstances, the court cannot fault Mr. Ceballos for his conservative approach. The record shows that counsel proceeded transparently and repeatedly stated his intent to seek leave to amend the complaint to name the individual deputies after reviewing the initial discovery responses. Once he was able to review the internal affairs file, he acted quickly to seek leave to amend. Given that this case is still in the early stages of litigation, this constitutes reasonable diligence.

Under the Rule 15(a) standard, the County fails to meet its burden of showing why leave to amend should not be granted. The County argues that adding a new party "poses an especially acute threat of prejudice to the entering party." Opp'n at 4. The only concrete examples of prejudice the County identifies, however, are those inherent in defending a lawsuit. *Id.* On this record, the court identifies no prejudice.

Accordingly, the court finds that Mr. Ceballos has met the standard for amending his complaint.

## CONCLUSION

The court grants the motion for leave to amend. Mr. Ceballos must file his First Amended Complaint as a separate docket entry on ECF within 7 days from the date of this order.

This disposes of ECF No. 24

**IT IS SO ORDERED.**

Dated: June 9, 2014

_____
LAUREL BEELER
United States Magistrate Judge